**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1366-19

DONALD CAMPBELL,

      Plaintiff-Respondent,

v.

ZACHARY STARK,

      Defendant-Appellant,

and

MELVIN J. STARK and
NEW JERSEY PROPERTY-
LIABILITY INSURANCE
GUARANTY ASSOCIATION,

      Defendants-Respondents.

_____

        Argued April 21, 2021 – Decided May 26, 2021

        Before Judges Sumners and Mitterhoff.

        On appeal from the Superior Court of New Jersey, Law
        Division, Essex County, Docket No. L-9092-17.

Colin Gibson argued the cause for appellant (Law Offices of Viscomi & Lyons, attorneys; Colin Gibson, on the briefs).

Gregg D. Trautmann argued the cause for respondent (Trautmann & Associates, LLC, attorneys; Gregg D. Trautmann on the brief).

PER CURIAM

Defendant Zachary Stark appeals from a unanimous jury verdict awarding plaintiff Donald Campbell $500,000 for the injuries he sustained in a motor vehicle accident. Having reviewed the record, and in light of the applicable law, we affirm.

On appeal, defendant raises the following arguments for our consideration:

POINT I

THE TESTIMONY OF THE PLAINTIFF BEING PINNED AGAINST A WALL, FROM DR. GLUSHAKOW SHOULD HAVE BEEN BARRED.

POINT II

PLAINTIFF'S FAILURE TO MITIGATE INJURIES SHOULD HAVE BEEN CONSIDERED ON THE JURY SHEET.

POINT III

THE JURY AWARD WAS SO GROSSLY EXCESSIVE AS TO WARRANT A NEW TRIAL.

We discern the following facts from the record. At approximately 11:45 a.m. on December 28, 2015, plaintiff was walking on the sidewalk of East Northfield Road in Livingston. Defendant was operating a motor vehicle, owned by his father,[1] in the left lane. While he was driving, defendant suffered a seizure and lost consciousness. Defendant side-swiped a vehicle in the lane to his right, struck a utility pole, and then struck plaintiff. Plaintiff was propelled backward into a rock wall adjacent to the sidewalk.

Plaintiff was subsequently transported to Saint Barnabas Medical Center where a CAT scan and x-rays were taken. At the hospital, plaintiff complained of pain in his back, both shoulders and elbows, his left wrist and thumb, and left knee. He was discharged that same day.

Almost three years earlier, plaintiff sustained injuries to his back and neck after he was struck by a vehicle while crossing a street. Following the earlier accident, plaintiff underwent physical therapy, epidural injections, and a lumbar percutaneous discectomy and facet block on his L-5/S-1 disc, performed by Dr. Allen Glushakow. After the surgery, plaintiff's pain dissipated, and he resumed most of the activities he enjoyed prior to the accident.

---

[1] Defendant's father was dismissed from the case prior to trial.

A-1366-19

In the weeks leading up to the accident, plaintiff felt "excellent" and was not experiencing pain in his back, neck, or shoulders. After the accident, however, plaintiff had recurrent pain in his back, shoulders, knees, and neck. He returned to Dr. Glushakow for treatment. After conservative treatment failed, Dr. Glushakow offered several treatment options including epidural injections and possible surgery, which plaintiff chose not to pursue.

In December 2017, plaintiff filed a complaint in the Law Division alleging negligence against defendant. At trial, plaintiff testified that the injuries and pain from the December 2015 accident prevented him from engaging in any meaningful physical activity. For example, he indicated he had difficulties being intimate with his wife, which contributed to the deterioration of their marriage. He is now completely unable to pursue activities such as jogging and fishing, which he had successfully resumed after his surgery and recovery after the 2013 accident. Plaintiff also testified his relationship with his daughters has suffered because of his pain and loss of mobility. Finally, plaintiff requires accommodation at work and has been unsuccessful in maintaining long-term employment.

Dr. Glushakow testified on behalf of plaintiff. Prior to his testimony, defendant moved to bar him from using the phrase "pinned . . . against a wall,"

4

which was notated in the doctor's records as part of the history provided by plaintiff. Defendant argued that because plaintiff testified that he was thrown, not pinned, against the wall, the statement should be barred as unsupported by the evidence. The trial judge denied the request, concluding there was no basis to bar the inconsistent statements. He indicated defense counsel was free to cross-examine Dr. Glushakow and address the discrepancy during summation.

Dr. Glushakow's initial diagnostic impression, following a physical examination, was that plaintiff suffered from lumbar sacral radiculitis, radiculopathy, and soft tissue injuries. Dr. Glushakow opined that, based on the MRI, plaintiff suffered from a herniated disc at L-5/S-1 and a torn annulus, which were attributable to the December 2015 accident. He also concluded that the injuries to plaintiff's knee, hand, and shoulder were causally related to the December 2015 accident. Dr. Glushakow's prognosis was "extremely guarded," and he maintained that plaintiff would have permanent loss of bodily function with respect to his back and neck.

Dr. Kevin Egan, defendant's medical expert, testified that his physical examination revealed that plaintiff moved well, did not report any discomfort, and had excellent forward flexion. Dr. Egan opined that his physical examination and review of the imaging tests did not reveal any disc herniation.

5

He also disagreed that plaintiff suffered from an annular tear. Dr. Egan concluded that plaintiff sustained only non-permanent soft tissue injuries as a result of the December 2015 accident.

At the close of trial, the jury awarded plaintiff $500,000. In September 2019, defendant moved for a new trial. In October 2019, the judge denied defendant's motion, concluding that, "[a]lthough the verdict may be somewhat high for a non-surgical case, [it did] not shock the [conscience]."

First, we reject defendant's claim that the trial judge erred in denying the motion to bar Dr. Glushakow's reference to the phrase "pinned against a wall." A trial judge's decision to admit or exclude expert testimony in a civil case is reviewed under "a pure abuse of discretion standard." In re Accutane Litig., 234 N.J. 340, 391 (2018). Here, we discern no abuse of discretion. The history plaintiff provided to his treating physician for purposes of diagnosis and treatment was admissible. See N.J.R.E. 803(c)(4). To the extent that history differed from plaintiff's description of the accident at trial, defense counsel was free to exploit those differences on cross-examination and in summation. As the judge aptly advised defense counsel, "[s]uch matters are properly the subject of exploration and cross-examination at a trial." Rubanick v. Witco Chem. Corp., 242 N.J. Super. 36, 55 (App. Div. 1990).

A-1366-19

We also reject defendant's argument that the trial judge committed reversible error because he did not include a sample interrogatory for mitigation of damages on the verdict sheet. "[I]n reviewing an interrogatory for reversible error, we should consider it in the context of the charge as a whole." Ponzo v. Pelle, 166 N.J. 481, 491 (2001) (citing Sons of Thunder, Inc. v. Borden, Inc., 148 N.J. 396, 418 (1997)). If the judge's oral instructions "were sufficient to convey an understanding of the elements [of the cause of action] to the jury, and . . . the verdict sheet was not misleading, any error in the verdict sheet can be regarded as harmless." State v. Gandhi, 201 N.J. 161, 197 (2010). Indeed, generally a verdict sheet is not grounds for reversal unless it was "misleading, confusing, or ambiguous." Sons of Thunder, Inc., 148 N.J. at 418.

Here, the judge instructed the jury pursuant to the Model Jury Charges (Civil), 8.11B, "Duty to Mitigate Damages by Medical and Surgical Treatment" (rev. Oct. 2000). The charge instructs the jury that:

> A defendant is liable only for that portion of the injuries attributable to the defendant's negligence. If you find that the plaintiff did not act reasonably to avoid or to alleviate injury, you shall assess in terms of percentages the degree to which the injuries were the result of the plaintiff's own unreasonable failure to minimize or to avoid further injury.

A-1366-19

[Model Jury Charges (Civil), 8.11B, "Duty to Mitigate Damages by Medical and Surgical Treatment" (rev. Oct. 2000).]

Because the charge informed the jury about how to assess mitigation in relation to damages, the error, if any, of declining to include the same instruction on the verdict sheet was harmless.

Finally, contrary to defendant's contention, we conclude that the jury award was not excessive. "A jury's verdict, including an award of damages, is cloaked with a 'presumption of correctness.'" Cuevas v. Wentworth Grp., 226 N.J. 480, 501 (2016) (quoting Baxter v. Fairmont Food Co., 74 N.J. 588, 598 (1977)). A new trial is warranted only if "it clearly and convincingly appears that there was a miscarriage of justice under the law." R. 4:49-1(a). In other words, "[o]ur cases emphasize that a jury verdict should not be disturbed 'unless it constitutes a manifest injustice that shocks the judicial conscience.'" Mahoney v. Podolnick, 168 N.J. 202, 229 (2001) (quoting Carey v. Lovett, 132 N.J. 44, 66 (1993)). We conclude, as the judge did, that while the jury's verdict was high for a non-surgical case, it was not a miscarriage of justice nor sufficient to shock the judicial conscience.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

8

A-1366-19